Catkon, C. J.
delivered the opinion of the court.
The declaration is good 'in form, and reduces the question to this proposition; can a suit a't common law be maintained against a clerk of a court, for a neglect of duty, to the injury of a suitor? That the plaintiff hás been injured-by the non feasance, and the omission of an,official duty by the defendant, in not taking the bond to secure the return of Pass’ property, and to secure the damages incident to its seizure, waste, and detention,- cannot be denied, judging fi’om the face of the declaration. And “in every /case where an officer is intrusted by the common law or by statute, an action lies against him for a neglect of-the duty of his office.” 1 Com. Dig. Action upon the case for negligence (A 2.) Has this rale of the common law been changed by statute ? The acts of 1794, and 1309 (1 Hay. and Cobbs’ 39), require clerks of the circuit courts to give bond and security, payable to the' governor., in the penalty of ten thousand dollars, for the safe keeping of the records, and the faithful discharge of the duties of the office, which máy be put in suit on ás-signment of the governor,-by the party injured; yet thid is only to secure the community with the joint responsibility of others equally bound with the clerk, should he not be solvent, to indemnify persons injured, and does hot supér-sede or impair the force of the common law remedy bjr an action on the case. The assumption, therefore, in argument, that the remedy was on the clerk’s bond is not *474 tenable. Nor is it true, that before the clerk could be sued, it was necessary, first, that Pass should have sued Price and ascertained the damages sustained, and then have brought an action of debt upon the clerk’s bond. Some fifteen years ago it had been holden by the circuit courts, that when the security of an administrator was sought to be charged, the distributee must first by bill, or suit on the bond against the principal, have established the amount due, before the security could be recovered against; but in the suit of Newsom vs. Dickinson, at Nashville, in 1823 (Peck’s Rep. 285), the supreme court held the security liable in the first instance, disregarding the Virginia adjudications,, that a double litigation was necessary to onerate the security. The clerk here stands in the situation of security for Price, being liable to the extent Murphree would have been,, had the bond been taj ken in due form; and as Murphree could have been recovered against, without Price having been sued, so can the clerk. To good and sufficient security for the return of the property, and to cover the damages for its detention and injury, Pass was entitled, independent of Price’s ability to pay an)'- damages that might be recovered against him; and having been deprived of that security, by the omission of the clerk to take the bond required by law,Pass has the right to hold the clerk responsible, in an ac-’ lion on the case, to the extent the security, if taken, would have been responsible.
The act of 1787, ch. 19, requiring bond and security to be given for the prosecution of suits, and subjecting-.the clerk to the penalty of two hundred and fifty dollars,to be recovered by the party injured, il the clerk fail to take the bond, has no application to a case like the one presented by the record. The bond that the clerk should have taken from Price, pursuant to the order of the judge, was of a different character; the process issued was grounded on the third section of the act of 1801, ch. 6, conferring power on the courts of equity, to issue *475 attachments at law, to carry into effect their jurisdiction, and the bond required, was in substance to have been an attachment bond, not one for the costs of prosecution, the want of which is not complained of in this suit. That the bond set forth is of die foregoing description, or worth any thing to Pass, in recovering the damages he may have sustained by the detention, use and destruction of his property, is not assumed in argument; it wants an obligee, wants form as a prosecution bond; and if good for this purpose, certainly is not as an attachment or injunction bond. From its face, it does not appear who was plaintiff or defendant to the suit Murphree undertakes shall be faithfully prosecuted, and it is very doubtful whether any averment could help so ill framed an instrument. Eason vs. Clarke, 2 Yerg. Rep. 522.
The demurrers to the second, third, fourth, and fifth pleas are well taken; said pleas, if true, amounting to no defence. The judgment will be reversed, and the cause be remanded for a trial, to be had on the first and sixth pleas.
Judgment reversed.